**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WILMINGTON DIVISION**

**IN RE:**

**MEDICINE MART LTC, LLC** **CASE NO. 26-03783-5-DMW**
**CHAPTER 11**

**DEBTOR.**

**MOTION FOR CONTEMPT AND SANCTIONS**

NOW COMES the Debtor, through counsel, pursuant to 11 U.S.C. §§ 105 and 362, and hereby move the Court to enter an order finding SQ Advance, LLC ("Creditor") in contempt of court and granting the Debtor appropriate sanctions for its continuing willful violation of the automatic stay. In support of this motion, the Debtor shows the Court the following:

**Jurisdiction and Standing**

1. This is an action for actual and punitive damages, including attorney's fees, filed by the Debtor for the failure of Creditor to comply with applicable provisions of Title 11 of the United States Code but not necessarily limited to, 11 U.S.C. § 362 (a).

2. These matters are core proceedings as that term is defined by 28 U.S.C. § 157(b)(2). To the extent the Court may find this to be a non-core proceeding, the Debtor consents to the entry of a final order in this matter by the Bankruptcy Court, in accordance with 28 U.S.C. § 157(c)(2).

3. This Court has jurisdiction to enter a final and dispositive order in this matter under the decision in *Budget Service Co. v. Better Homes of Virginia*, 804 F.2d 289 (4th Cir. 1986).

4. This Court has both personal and subject matter jurisdiction to hear matters herein raised pursuant to 28 U.S.C. §§ 157(b)(2) and 1334, and pursuant to the Order entered by the Judges of the United States District Court for the Eastern District of North Carolina on August 3,

1984 (Referral Order), which Order was entered in accordance with the Bankruptcy Amendments and Federal Judgeship Act of 1984.

**Parties**

5. The Debtor is a North Carolina limited liability company with its principal place of business located in Tabor City, North Carolina. It operates an independent retail pharmacy that focuses on providing pharmaceutical services to long term care facilities, assisted living facilities, group homes, and long-term care patients living at home throughout North Carolina and Virginia. The Debtor services these patients but does not operate a retail store.

6. The Debtor filed a Voluntary Petition under chapter 11 of the United States Bankruptcy Code on August 20, 2026, and currently operates as a Debtor-in-Possession.

7. Upon information and belief, Creditor is merchant cash advance ("MCA") lender and limited liability corporation formed on May 17, 2022, and registered in the State of Florida.

8. According to the 2026 Florida Limited Liability Company Annual Report ("Report"), filed with the Office of the Florida Secretary of State on 2/21/2026, Creditor's principal place of business and current mailing address are both 7901 4th Street N., Ste. 300, St. Peterburg, FL 33702; and its current registered agent in the State of Florida is Registered Agents, Inc. at the same address. A copy of the Report is attached hereto as Exhibit A and is fully incorporated herein by reference.

9. An online search at https://squareadvance.com shows that Creditor maintains an email address at info@squareadvance.com. (See https://squareadvance.com/contact, last visited 9/16/2026). A copy of a printout of the relevant webpage is attached hereto as Exhibit B and is fully incorporated herein by reference.

10. Upon information and belief, ucc-responses@landklegal.com is an email address associated with Lieberman & Klestzick, LLP ("L&K"), a law firm that specializes in commercial litigation, including MCA and revenue-based financing litigation, debt collection, and judgment enforcement. (See https://landklegal.com/, last visited 9/16/2026).

**Relevant Facts**

11. The Debtor filed a Voluntary Accelerated Petition [DE 1] under chapter 11 of the United States Bankruptcy Code on 8/20/2026 ("Petition Date").

12. Prior to the Petition Date, creditor had initiated collection efforts against the Debtor, including compelled arbitration.

13. On the Petition Date, attorney Laurie B. Biggs of the Biggs Law Firm, PLLC sent Creditor a letter ("Letter") advising that the Debtor had filed for relief under chapter 11 of the United States Bankruptcy Code. The Letter specified the case number and filing date, and advised, among other things, that the automatic stay was in effect, prohibiting creditor from continuing any collection efforts against the Debtor. The letter was sent to the mailing address listed in paragraph 8, above, and a copy was also emailed to the email address listed in paragraph 9, above. In addition, a copy was emailed to L&K at the email address listed in paragraph 10, above.

14. A copy of the Letter is attached hereto as Exhibit C and is fully herein by reference.

15. On 8/20/2026, the Debtor filed an Emergency Motion to Use Cash Collateral [DE 3]; an Emergency Motion to Pay Pre-Petition Wages and Benefits [DE 4]; a Notices of these motions and of hearings to be held regarding them [DE 8 and DE 9]. Copies of these documents were served on Creditor as the mailing address listed in paragraph 8, above, on 8/21/26, as evidenced by the Certificate of Service [DE 12] filed in this matter on 8/21/2026.

16. On 8/21/2026, the Court issued a Notice of Chapter 11 Bankruptcy Case [DE 5]. A copy of this Notice was served on Creditor at the address listed in paragraph 8, above, on 8/23/2026, as evidenced by the Certificate of Service [DE 13] filed in this matter on 8/24/2026.

17. On or about 9/4/2026, despite having been served with notice of the filing of the chapter 11 Petition by the Debtor on at least 3 prior occasions, Creditor continued with the compelled arbitration against the Debtor, and an Award ("Award") was entered against the Debtor. A copy of the Award is attached hereto as Exhibit D and is fully incorporated herein by reference.

18. The Award was sent to the Debtor with a "Cover Letter" on 9/4/2026. A copy of the Cover Letter is attached hereto as Exhibit E and is fully incorporated herein by reference.

19. On 9/9/2026, an attorney with K&L filed an Attorney Affirmation of Service ("Affirmation") in connection with the Award and Cover Letter, verifying that they had been served on the Debtor on 9/4/2026. A copy of this Affirmation is attached hereto as Exhibit F and is fully incorporated herein by reference.

**Statement of the Law and Argument**

20. Under the Bankruptcy Code, the filing of a petition has "certain immediate consequences." *City of Chicago v. Fulton*, 592 U.S. 154, 156 (2021). Among other consequences, the filing of a chapter 11 a petition creates a bankruptcy estate under § 541(a) and operates as a stay applicable to all entities under § 362(a). *Id*. at 156-57.

21. First, a debtor's bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

22. Second, filing of a bankruptcy petition acts as a stay applicable to all entities on "'any act to collect, assess, or recover a claim against the debtor that arose before the

commencement'" of the debtor's bankruptcy case. *In re Kimbler*, 624 B.R. 774, 778 (Bankr. E.D.N.C. 2020) (quoting 11 U.S.C. § 362(a)(6) (emphasis removed)). Additionally, § 362(a)(3) acts as a stay to all attempts to "exercise control over property of the estate." 11 U.S.C. § 362(a)(3).

23. A party who injured by a creditor's "willful violation of a stay provided in [§ 362] shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1).

24. As a preliminary consideration, and prior to a debtor recovering damages for a willful violation of the automatic stay, the Bankruptcy Code requires a debtor to demonstrate the party alleged to have violated the automatic stay had "appropriate" notice of the debtor's bankruptcy case. 11 U.S.C. § 342(a). Notice is not required to be formal as long as it provides a creditor with adequate information to know of a debtor's bankruptcy case. *In re Lyle*, 662 B.R. 229, 235 (Bankr. E.D.N.C. 2024). Moreover, a debtor may provide a creditor with sufficient notice if one of the creditor's agents learns of debtor's bankruptcy proceeding. *In re Nocek*, No. 19-01364-5-SWH, 2020 WL 1809790, at *3 (Bankr. E.D.N.C. Apr. 7, 2020) (stating "it is generally the law of agency that a principal is chargeable with notice given to the agent while the agent is acting within the scope of his authority, even when the agent does not inform the principal of notice.") (internal citation omitted).

25. After establishing notice, a debtor seeking to recover damages for a willful violation of the automatic stay must show (1) "a violation of the stay occurred," (2) "the violation was willful," and (3) "the violation caused actual damages." *In re Kimbler*, 624 B.R. 774, 779 (Bankr. E.D.N.C. 2020). For a debtor to establish the willfulness element, "willfulness does not refer to the intent to violate the automatic stay, but the intent to commit the act which violates the

automatic stay." *In re Lofton*, 385 B.R. 133, 140 (Bankr. E.D.N.C. 2008). Once the court determines a creditor committed a willful violation of the automatic stay, "the language of § 362(k)(1) requires recovery of actual damages, inclusive of costs and attorneys' fees." I*n re Henderson*, No. 09-50596, 2011 WL 1838777, at *3 (Bankr. E.D. Ky. May 13, 2011) (emphasis removed).

**Claim for Relief**

26. The allegations contained in paragraphs 1 through 25 are hereby reincorporated herein by reference.

27. Creditor was served with actual notice of the bankruptcy filing prior to its participation in the arbitration process on 9/4/2026.

28. Participation in the arbitration process, which Creditor itself had initiated, as a violation of the automatic stay.

29. Because the Creditor had been served with notice of the bankruptcy on multiple occasions, its violation of the automatic stay was willful, as will be any additional actions it my take in furtherance of the objectives of the Award.

30. As a consequence, the Debtor is to recover damages from Creditor, both actual and punitive, and are entitled to recover its reasonable costs and attorney fees, pursuant to 11 U.S.C. § 362(k)(1) and/or § 105(a).

31. The Debtor is further entitled to an order declaring the arbitration to be null and void.

WHEREFORE, the Debtor respectfully prays the Court as follows:

A. That the Debtor, in accordance with 11 U.S.C. § 362(k)(1), have and recover against and from Creditor its actual damages suffered or to be suffered as a consequence of Creditor's

willful violations of the automatic stay, including costs and attorney fees, and for the Court to impose against Creditor such punitive damages as may be appropriate;

B. That the Court issue an order declaring the Award to be null and void; and

C. For such other and/or further relief which this Court deems just and proper.

DATE: September 17, 2026

/s/Joseph A. Bledsoe, III
Joseph A. Bledsoe, III
Biggs Law Firm PLLC
Attorney for Debtor
9208 Falls of Neuse Road, Suite 120
Raleigh, NC 27615
(919) 375-8040
NC State Bar No. 19817
jbledsoe@biggslawnc.com

**2026 FLORIDA LIMITED LIABILITY COMPANY ANNUAL REPORT**

DOCUMENT# L22000229648

**FILED**
**Feb 21, 2026**
**Secretary of State**

**4515224627CC**

**Exhibit A**

**Entity Name:** SQ ADVANCE LLC

**Current Principal Place of Business:**

7901 4TH ST N
STE 300
ST. PETERSBURG, FL 33702

**Current Mailing Address:**

7901 4TH ST N
STE 300
ST. PETERSBURG, FL 33702 US

**FEI Number: NOT APPLICABLE**

**Certificate of Status Desired:** No

**Name and Address of Current Registered Agent:**

REGISTERED AGENTS INC.
7901 4TH ST N
STE 300
ST. PETERSBURG, FL 33702 US

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE: ______________________________

Electronic Signature of Registered Agent — Date

**Authorized Person(s) Detail :**

| | |
|---|---|
| Title | MANAGER |
| Name | SQ ADVANCE MGR LLC |
| Address | 7901 4TH ST N<br>STE 300 |
| City-State-Zip: | ST. PETERSBURG FL 33702 |

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am a managing member or manager of the limited liability company or the receiver or trustee empowered to execute this report as required by Chapter 605, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

SIGNATURE: SQ ADVANCE MGR LLC MANAGER 02/21/2026

Electronic Signature of Signing Authorized Person(s) Detail — Date

SQUARE ADVANCE

Home | Why Us | FAQs | Contact Us

# Reach Out

Fill in the form or use the contact info below to connect with us.

7901 4th St N, St. Petersburg, FL 33702

info@squareadvance.com

+1 (727) 428-8379

Monday - Friday | 9:00 AM - 5:00 PM

**Name**

Enter your full name

**Email**

Enter your email address

**Company**

Enter your company name

**Capital Needed**

Enter capital needed

**Industry**

Select your industry

**Monthly Revenue**

Enter monthly business revenue

**How can we help?**

Tell us about your needs

Get started

# Subscribe to Our Newsletter

Get the latest business funding insights, cash flow tips, and financial strategies delivered straight to your inbox.

name@email.com

Subscribe

Enter your email for our updates

**SQUARE ADVANCE**

Providing reliable capital, transparent terms, and responsive support to help your business grow.

Get Started Now

**Quick Links**

Home

Why Us

FAQs

**More**

Contact Us

Privacy Policy

T&C

© 2026 — All rights reserved | Square Advance

Design by CDT

**Exhibit C**

Laurie B. Biggs
Joseph A. Bledsoe, III

9208 Falls of Neuse Road
Suite 120
Raleigh, North Carolina 27615

Telephone (919) 375-8040
Facsimile (919) 341-9942

BIGGS LAW FIRM

ATTORNEYS AT LAW
WWW.BIGGSLAWNC.COM

New Bern Office

405 Middle Street
New Bern, North Carolina 28563

August 20, 2026

Via U.S. Mail and Email
SQ Advance LLC
7901 4th St N, Ste. 300
St. Petersburg, FL 33702
info@squareadvance.com
ucc-responses@landklegal.com

Re: Medicine Mart LTC, LLC
Bankruptcy Case No. 26-03783
Date Filed: August 20, 2026

**NOTICE OF BANKRUPTCY**

**11 U.S.C. § 362(a)**

To Whom It May Concern:

Please be advised that the above-referenced Debtor has filed a voluntary petition seeking relief under Chapter 11 of the United States Bankruptcy Code. You may also verify the filing online at www.nceb.uscourts.gov.

Pursuant to 11 U.S.C. § 362, the automatic bankruptcy stay makes it unlawful for a creditor to contact our client, continue litigation, or to take any action against it or its property, for the purpose of collecting upon your claim. This includes the continued assertion of UCC-1 liens or the ongoing redirection of accounts receivable or payments owed to the Debtor. Please direct all future communication concerning this matter to my attention at lbiggs@biggslawnc.com or smarhee@acquiredmanagement.com. We thank you in advance for your kind attention to this matter.

Sincerely,

Laurie B. Biggs

**Exhibit D**

| | |
|---|---|
| **SQ ADVANCE LLC,**<br><br>Claimant,<br><br>-against-<br><br>**MEDICINE MART LTC, LLC D/B/A MEDICINE MART LTC, C.A.R.E. HOLDINGS - INDIAN RIVER, LLC, CAROLINAS ALLIANCE FOR RESIDENTIAL EXCELLENCE - ELKIN, LLC, C.A.R.E HOLDINGS - ELKIN, LLC, C.A.R.E. HOLDINGS, LLC, THE TABOR CITY MEDICINE MART, INC., CAROLINAS ALLIANCE FOR RESIDENTIAL EXCELLENCE, LLC, JAMAGREZ, LLC, HEALTH CHOICE RX OF NORTH CAROLINA, INC., CAROLINAS ALLIANCE FOR RESIDENTIAL EXCELLENCE HOLDINGS, LLC, and STERLING GRADY KOONCE,**<br><br>Respondents. | **AWARD**<br><br>Claim No.: 6342170 |

The undersigned Arbitrator, having been duly appointed, Finds and Concludes as follows:

1. Claimant filed with Resolute Systems, LLC a demand for arbitration, a complaint, a copy of an agreement by the parties to arbitrate, and service was completed upon Respondents.

2. Claimant served Respondents with copies of the demand for arbitration, the complaint, and a copy of an agreement by the parties to arbitrate.

3. The undersigned Arbitrator is not aware of any conflict of interest.

4. Respondents are subject to the jurisdiction of this arbitration because they were duly served and consented to arbitrate with Resolute Systems, LLC.

5. Respondents are in default for failure to answer.

6. Claimant submitted evidence and proof in support of its claims in the form of an affidavit by its authorized representative verifying the Verified Statement of Claim setting forth the facts and basis of the claims and an affirmation from Claimant's counsel.

7. The undersigned Arbitrator has reviewed all evidence and proof submitted in this case.

8. The parties entered into a valid agreement to have any dispute between them resolved by arbitration to be administered by Resolute Systems, LLC before a single arbitrator under its Commercial Arbitration Rules.

9. Claimant has complied with any conditions precedent to the initiation of this arbitration.

10. Claimant's claim is not time barred.

11. The parties' agreement is enforceable.

12. The parties' dispute is within the scope of their agreement.

13. The proof and evidence submitted supports the issuance of this Award.

14. The applicable substantive law supports the issuance of this Award.

15. Claimant and Respondents MEDICINE MART LTC, LLC D/B/A MEDICINE MART LTC, LLC AND MEDICINE MART LTC, LLC AND C.A.R.E. HOLDINGS - INDIAN RIVER, LLC AND CAROLINAS ALLIANCE FOR RESIDENTIAL EXCELLENCE - ELKIN, LLC AND C.A.R.E. HOLDINGS - ELKIN, LLC AND C.A.R.E. HOLDINGS, LLC AND THE TABOR CITY MEDICINE MART, INC. AND CAROLINAS ALLIANCE FOR RESIDENTIAL EXCELLENCE, LLC AND JAMAGREZ, LLC AND HEALTH CHOICE RX OF NORTH CAROLINA, INC. AND CAROLINAS ALLIANCE FOR RESIDENTIAL EXCELLENCE HOLDINGS, LLC AND C.A.R.E. HOLDINGS-

STAR, LLC AND CHADBOURN FAMILY PRACTICE CENTER P.A. (“Company Respondents”) entered into a written contract, dated December 23, 2025, that was guaranteed by STERLING GRADY KOONCE under which Claimant paid Company Respondents the sum of $200,000.00 (“Purchase Price”) in order to purchase $300,000.00 (“Purchased Amount”) of Company Respondents’ future receipts, which would be collected by debiting 6.97% of the receipts from Company Respondents’ bank account until the full Purchased Amount would be received.

16. Claimant paid the Purchase Price, less applicable contractual fees and deductions.

17. Company Respondents breached the contract by defaulting on their obligations to Claimant.

18. An Award is hereby made in favor of Claimant and against Respondents, jointly and severally, in the sum $199,800.00 with interest thereon at a rate of 18% per annum from March 11, 2026, in the sum of $17,782.18, the costs of this arbitration in the sum of $1,000.00, the Resolute Systems administrative fee in the amount of $590.00, and reasonable attorneys’ fees in the sum of $9,720.00, all of which are authorized by the agreement between the parties, for a total of $228,892.18.

19. The total amount awarded is to be paid by Respondents to Claimant within 15 days of the date of this Award.

Date of Award: September 4, 2026

Arbitrator Name: Jeanne Spital, Esq.

Arbitrator Signature: _/s/Jeanne K. Spital

**Exhibit E**

RESOLUTE
DISPUTE RESOLUTION NATIONWIDE

ALM | LAW.COM
THE NATIONAL LAW JOURNAL
BEST OF 2023
WINNER
ALTERNATIVE DISPUTE RESOLUTION (ADR) PROVIDER
RESOLUTE SYSTEMS, LLC

Date: September 4, 2026

To: James Dygert, Esq.
Sterling Grady Koonce

From: Mike Weinzierl

Re: SQ Advance LLC v. Medicine Mart LTC, LLC d/b/a Medicine Mart LTC, LLC, et al.

Our file: 6342170

Please find enclosed the arbitrator's decision in the above-captioned arbitration proceeding. Any questions regarding the award should be directed to Resolute Systems. There should be no direct communication with the arbitrator.

We appreciate the opportunity to work with the parties toward the resolution of this matter.

Please contact me at 800.776.6060, x125 or mweinzierl@resolutesystems.com with any questions. Thank you for your time.

Encl.

**Exhibit F**

| | |
|---|---|
| SQUARE FUNDING LLC D/B/A SQ ADVANCE,<br><br>Claimant,<br><br>vs.<br><br>MEDICINE MART LTC, LLC D/B/A MEDICINE MART LTC, LLC, C.A.R.E. HOLDINGS - INDIAN RIVER, LLC, CAROLINAS ALLIANCE FOR RESIDENTIAL EXCELLENCE - ELKIN, LLC, C.A.R.E HOLDINGS - ELKIN, LLC, C.A.R.E. HOLDINGS, LLC, THE TABOR CITY MEDICINE MART, INC., CAROLINAS ALLIANCE FOR RESIDENTIAL EXCELLENCE, LLC, JAMAGREZ, LLC, HEALTH CHOICE RX OF NORTH CAROLINA, INC., CAROLINAS ALLIANCE FOR RESIDENTIAL EXCELLENCE HOLDINGS, LLC, C.A.R.E. HOLDINGS-STAR, LLC, CHADBOURN FAMILY PRACTICE CENTER P.A. and STERLING GRADY KOONCE,<br><br>Respondents. | **ATTORNEY AFFIRMATION OF SERVICE**<br><br>CASE NO.: 6342170 |

STATE OF NEW YORK
COUNTY OF NASSAU

Yonatan Klestzick, an attorney admitted to practice law in the State of New York, affirms the following under the penalties of perjury:

I am over the age of 18 years, am not a party to this action, and am a resident of the State of New York. On September 4, 2026, a true and accurate copy of the annexed **AWARD COVER LETTER, SERVICE LIST AND FINAL AWARD** was served on each of the parties at each of the addresses listed below by (a) Email to the email address provided to Claimant by Respondents, and (b) First Class Mail, by mailing same in a sealed envelope, with postage paid, in an official depository under the exclusive care and custody of the United States Postal Service designated for that purpose, addressed to:

MEDICINE MART LTC, LLC, C.A.R.E. HOLDINGS - INDIAN RIVER, LLC, CAROLINAS ALLIANCE FOR RESIDENTIAL EXCELLENCE - ELKIN, LLC C.A.R.E. HOLDINGS - ELKIN, LLC, C.A.R.E. HOLDINGS, LLC, THE TABOR CITY MEDICINE MART, INC., CAROLINAS ALLIANCE FOR RESIDENTIAL EXCELLENCE, LLC, JAMAGREZ, LLC, HEALTH CHOICE RX OF NORTH CAROLINA, INC., CAROLINAS ALLIANCE FOR RESIDENTIAL EXCELLENCE HOLDINGS, LLC C.A.R.E. HOLDINGS-STAR, LLC, CHADBOURN FAMILY PRACTICE CENTER P.A. and STERLING GRADY KOONCE
550 Minos Meares Road Tabor City North Carolina 28463

STERLING GRADY KOONCE
5938 Channel St North Myrtle Beach South Carolina 29582

MEDICINE MART LTC, LLC D/B/A MEDICINE MART LTC, LLC
214 South Main Street Tabor City North Carolina 28463

Email: sterling@kooncedrugcompany.com

This method of service is authorized by the parties' Agreement, a true and accurate copy of which is annexed as Exhibit "A" to the Demand for Arbitration. Pursuant to the Agreement, service was completed upon mailing.

Nassau County, New York
September 9, 2026

By: Yonatan Klestzick

Yonatan Klestzick, Esq.
Lieberman and Klestzick, LLP
Attorneys for Plaintiff
70 E. Sunrise Highway, Suite 605
Valley Stream, NY 11581
P: 516-900-6720
Email: Yklestzick@landklegal.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WILMINGTON DIVISION**

**IN RE:**

**MEDICINE MART LTC, LLC**

**CASE NO. 26-03783-5-DMW**
**CHAPTER 11**

**DEBTOR.**

**NOTICE OF MOTION FOR CONTEMPT AND SANCTIONS**

NOTICE IS HEREBY GIVEN of the Debtors' Motion for Contempt and Sanctions (the "Motion") filed simultaneously herewith in the above captioned case;

FURTHER NOTICE IS HEREBY GIVEN that this Motion may be allowed provided no response and request for a hearing is made by a party in interest on or before October 5, 2026; and

FURTHER NOTICE IS HEREBY GIVEN, that if a response and a request for a hearing is filed by a party in interest in writing within the time indicated, a hearing will be conducted on the Motion and response thereto at a date, time and place to be later set by the Court and all interested parties will be notified accordingly. If no request for a hearing is timely filed, the Court may rule on the Motion and response thereto *ex parte* without further notice. Any party filing an objection requesting a hearing shall appear at said hearing or they may be taxed with Court costs.

DATE: September 17, 2026

/s/Joseph A. Bledsoe, III
Joseph A. Bledsoe, III
Biggs Law Firm PLLC
Attorney for Debtor
9208 Falls of Neuse Road, Suite 120
Raleigh, NC 27615
(919) 375-8040
NC State Bar No. 19817
jbledsoe@biggslawnc.com

# CERTIFICATE OF SERVICE

I, Joseph A. Bledsoe, III, of the Biggs Law Firm PLLC, do hereby certify that I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age; and that on the date indicated below, I served copies of the foregoing MOTION FOR CONTEMPT AND SANCTIONS and NOTICE OF MOTION FOR CONTEMPT AND SANCTIONS on the parties listed below. Unless automatic electronic noticing of a party was indicated by CM/ECF upon the filing of these documents, parties were served by regular U.S. mail, first-class postage pre-paid.

SQ Advance, LLC
c/o Registered Agents, Inc.
7901 4th Street N., Ste. 300
St. Peterburg, FL 33702
*via* regular U.S. mail

SQ Advance, LLC
Attn: Officer/Manager/Director
7901 4th Street N., Ste. 300
St. Peterburg, FL 33702
*via* regular U.S. mail

SQ Advance, LLC
*via* email to info@squareadvance.com

SQ Advance, LLC
c/o Lieberman and Klestzik, LLP
*via* email to Yklestzick@landklegal.com

Date: September 17, 2026

/s/Joseph A. Bledsoe, III
Joseph A. Bledsoe, III
The Biggs Law Firm PLLC
Attorneys for Debtor
9208 Falls of Neuse Road, Ste. 120
Raleigh, NC 27615
(919) 375-8040
NC State Bar No. 19817
jbledsoe@biggslawnc.com